**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| NATHAN MILES IRWIN, and THERESA CASKEY, on behalf of her minor child JOSHUA JAY IRWIN, | ) ) ) ) |
| Plaintiffs, | ) 2:06-cv-00121 JWS ) |
| vs. | ) ORDER AND OPINION ) |
| THE UNITED STATES OF AMERICA, | ) [Re: Motions at Docket ) Numbers 33 and 45] |
| Defendant. | ) ) |

**I.  MOTIONS PRESENTED**

At docket 33, plaintiffs Nathan Miles Irwin and Theresa Caskey, on behalf of her

minor child, Joshua Jay Irwin, move the court for leave to file a first amended complaint.

Defendant United States of America opposes the motion at docket 39.  At docket 45,

defendant moves for independent medical examinations of Nathan Irwin and Joshua

Irwin pursuant to Federal Rule of Civil Procedure 35.  Plaintiffs did not file a response in

opposition to the motion.  Oral argument was not requested, and it would not assist the

court.

## II.  BACKGROUND

This matter arises out of the death of Casey Miles Irwin on January 2, 2004,

following his detention at the Peach Springs Detention Facility in Peach Springs,

Arizona.  Casey Irwin was the father of Nathan and Joshua Irwin.  On April 6, 2005,

plaintiffs filed a complaint in the United States District Court for the District of Nevada,

alleging claims of wrongful death by negligence and intentional infliction of emotional

distress under the Federal Tort Claims Act,[1] and a claim for "constitutional deprivations"

under the Fourth, Fifth, and Eighth Amendments to the United States Constitution.[2]

On June 14, 2005, defendant moved to dismiss plaintiffs' claim for constitutional

deprivations under the Fourth, Fifth, and Eight Amendments.[3]  By order dated

November 17, 2005, this matter was transferred to the United States District Court for

the District of Arizona.[4]  On January 30, 2006, plaintiffs filed the underlying motion for

leave to file a first amended complaint.  On February 27, 2006, the court entered a

minute order denying defendant's motion to dismiss plaintiffs' third cause of action

without prejudice "to consideration of the arguments made in connection therewith when

the court decides which of the plaintiffs' proposed claims may be included in an

amended complaint."[5]  The court's minute order further stated that the court would

consider plaintiffs' motion for leave to file a first amended complaint "in due course with

---

[1]28 U.S.C. § 1346(b).

[2]D. Nev. docket 2 at 7.

[3]D. Nev. doc. 10.

[4]D. Nev. doc. 25.

[5]Doc. 42 at 1.

the understanding that the motion is not opposed as to the first two causes of action, but

that it is opposed as to the third."[6]  Plaintiffs' motion for leave to file first amended

complaint is now ripe for the court's review.

## IV.  DISCUSSION

### A.      Motion for Leave to File First Amended Complaint

Pursuant to Federal Rule of Civil Procedure 15(a), after a responsive pleading is

served, "a party may amend the party's pleading only by leave of court or by written

consent of the adverse party; and leave shall be freely given when justice so requires."

Liberality in granting leave to amend is subject to the qualification that amendment of

the complaint does not cause the opposing party undue prejudice, is not sought in bad

faith, and does not constitute an exercise in futility.[7]

Plaintiffs seek to amend their complaint to conform their first two causes of action

to evidence found during discovery, and to change their third cause of action from

alleging constitutional deprivations under the United States Constitution to alleging

constitutional deprivations under the State Constitution of Arizona.[8]  Defendant does not

oppose the proposed amended complaint insofar as it amends the first two causes of

action, but opposes plaintiff's proposed third cause of action on the grounds that it is

---

[6]*Id.*

[7]*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

[8]First Amended Complaint (proposed) at 8, exh. 1, doc. 33.

futile because constitutional claims cannot be maintained against the United States under the Federal Tort Claims Act.[9]

It is well established that "the United States can be sued only to the extent that it has waived its sovereign immunity."[10]  "The terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit."[11]  A waiver of the United States' sovereign immunity "cannot be implied but must be unequivocally expressed."[12]  The burden is on the plaintiffs to make such a showing.[13]

Here, plaintiffs have failed to make the requisite showing that the United States has waived its sovereign immunity to be sued on claims alleging violations of the Arizona State Constitution.  Because the United States has not unequivocally waived its sovereign immunity, this court lacks subject matter jurisdiction over plaintiffs' alleged claim for constitutional deprivations under the Arizona State Constitution, and plaintiffs' third cause of action will be dismissed.[14]

---

[9]*F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994) (concluding the United States has not rendered itself liable under 28 U.S.C. § 1346(b) for constitutional tort claims).

[10]*Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

[11]*Id.*

[12]*United States v. Mitchell*, 445 U.S. 535, 538 (1983) (internal quotation and citation omitted).

[13]*Cato*, 70 F.3d at 1107.

[14]*Balser v. Department of Justice, Office of U.S. Trustee*, 327 F.3d 903, 907 (9th Cir. 2003).

**B.      Motion for Independent Medical Examinations**

Defendant requests the court to enter an order requiring Nathan and Joshua

Irwin to undergo independent mental examinations pursuant to Federal Rule of Civil

Procedure 35(a), which provides:

> When the mental or physical condition...of a party or a person in the
> custody or under the legal control of a party, is in controversy, the
> court in which the action is pending may order the party to submit to
> a physical or mental examination by a suitably licensed or certified
> examiner or to produce for examination the person in the party's
> custody or legal control.  The order may be made only on motion
> for good cause shown and upon notice to the person to be
> examined and to all parties and shall specify the time, place,
> manner, conditions, and scope of the examination and the person
> or persons by whom it is to be made.

Defendant alleges that the mental condition of Nathan and Joshua Irwin is in

controversy in this matter because plaintiffs have alleged a claim of intentional infliction

of emotional distress and are seeking to recover damages related to their alleged

emotional distress.  Plaintiffs did not file a response in opposition to the motion for

independent medical examinations.

As defendant has made the requisite good cause showing, provided notice to the

persons to be examined, and identified a licensed examiner to conduct the

psychological examinations, the court will grant defendant's motion, provided that the

mental examinations shall be performed by Celia A. Drake, Ph.D., and scheduled for a

date, time, and place mutually agreeable and convenient to the parties.  As a general

rule, the party being examined must pay travel expenses to the examination, while the

moving party bears the expenses of the examination itself.[15]

---

[15]8A Wright & Miller, Fed. Prac. & Proc. Civ.2d § 2234.

## V.  CONCLUSION

For the reasons set out above, plaintiffs' motion for leave to file first amended complaint at docket 35 is **GRANTED IN PART** and **DENIED IN PART** as follows: plaintiffs' motion is **GRANTED** as to the first and second causes of action and **DENIED** as to the third cause of action, and plaintiffs' third cause of action is **DISMISSED**. Pursuant to Federal Rule of Civil Procedure 15(a), defendant shall file an answer to plaintiffs' amended complaint within ten days after service of the amended pleading.

It is further ordered that defendant's motion at docket 45 for independent medical examinations of Nathan Irwin and Joshua Irwin is **GRANTED**, provided that the mental examinations shall be scheduled at a time, date, and place mutually agreeable and convenient to the parties within 45 days of the filing of this order, and shall be performed by Celia A. Drake, Ph.D.  Plaintiffs are responsible for paying their own travel expenses to the examinations, while defendant shall bear the costs of the examinations themselves.  As Joshua Irwin is a minor in the legal custody of Theresa Caskey, Ms. Caskey is ordered to produce Joshua Irwin for the examination.  Pursuant to Federal Rule of Civil Procedure 35(b), plaintiffs are entitled to copies of the examiner's written reports upon request.

DATED at Anchorage, Alaska, this 5th day of May 2006.


/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE